United States District Court
Southern District of Texas

**ENTERED**
January 06, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

RODNEY H.,[1]   §
   *Plaintiff,*   §
   §
v.   §   No. 4:24-cv-4150
   §
FRANK BISIGNANO,   §
Acting Commissioner of Social   §
Security,   §
   *Defendant.*   §

**JUDGE PALERMO'S
MEMORANDUM AND ORDER**

Plaintiff Rodney H. ("Plaintiff") filed this suit seeking judicial review of an

administrative decision. Pl.'s Compl., ECF No. 1. Jurisdiction is predicated upon

42 U.S.C. § 405(g). Plaintiff appeals from the decision of the Commissioner of the

Social Security Administration ("Commissioner") denying Plaintiff's claim for

supplemental security income under Title XVI of the Social Security Act ("the

Act").[2] The parties filed cross motions for summary judgment. Pl.'s MSJ, ECF No.

7; Def.'s MSJ, ECF No. 9.[3] Plaintiff seeks an order rendering benefits or remanding

for further consideration, arguing that the VE's testimony conflicts with the DOT,

---

[1] Pursuant to the May 1, 2018 "Memorandum Re: Privacy Concern Regarding Social Security and
Immigration Opinions" issued by the Committee on Court Administration and Case Management
of the Judicial Conference of the United States, the Court uses only Plaintiff's first name and last
initial.

[2] The district judge to whom this case is assigned transferred all proceedings to the undersigned
based on the consent of all parties. Transfer Order, ECF No. 8.

[3] Plaintiff also filed a response to Commissioner's motion. ECF No. 10.

the ALJ's RFC determination is not supported by substantial evidence, the ALJ failed to incorporate Plaintiff's use of a wheelchair, walker, and/or crutches into the RFC, and the ALJ failed to apply proper legal standards in evaluating Plaintiff and Listing 1.18. ECF No. 9. Commissioner counters that substantial evidence supports the ALJ's RFC determination, the ALJ adequately addressed and resolved any conflict between the VE's testimony and the DOT, and the ALJ properly found Plaintiff did not have a documented medical need for a continuous period of twelve months for an assistive device requiring the use of both hands and did not find Plaintiff satisfied Listing 1.18's requirements. ECF No. 9. Based on the briefing, the record, and the applicable law, the Court finds that the ALJ's RFC determination is not based on substantial evidence. Thus, the Court finds that Plaintiff's motion for summary judgment is granted and Commissioner's motion for summary judgment is denied.

## I.      BACKGROUND

Plaintiff is 48 years old, R. 28[4] and has an 11th grade education. R. 27, 73. Plaintiff alleges a disability onset date of February 14, 2019. R. 73, 78. Plaintiff claims he suffers from physical impairments. R. 73, 78.

On October 28, 2021, Plaintiff filed his application for supplemental security income under Title XVI of the Act. R. 208–214. Plaintiff based his application on

---

[4] "R." citations refer to the electronically filed Administrative Record, ECF No. 6.

"leg problems, several surgeries, shattered femur, shattered fibula, ruptured disc in spine, cracked ribs and hairline fracture in skull." R. 73, 78. The Commissioner denied Plaintiff's claim initially, R. 72–77, and on reconsideration. R. 78–82.

A hearing was held before the ALJ. An attorney represented Plaintiff at the hearing. R. 44. Plaintiff and a vocational expert ("VE") testified at the hearing. R. 44. The ALJ issued a decision denying Plaintiff's request for benefits.[5] R. 14–33. The Appeals Council denied Plaintiff's request for review, upholding the ALJ's decision to deny benefits. R. 1–6. Plaintiff appealed the Commissioner's ruling to this Court. ECF No. 1.

---

[5] An ALJ must follow five steps in determining whether a claimant is disabled. 20 C.F.R. § 416.920(a)(4). The ALJ here determined Plaintiff was not disabled at step five. R. 29. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date. R. 20 (citing 20 CFR § 416.971 *et seq*.). At step two, the ALJ found that Plaintiff has the following severe impairments: multiple fractures with surgical repair--right lower extremity, bilateral ankle fractures with surgical repair, fractured ribs, multiple fractures—spine, tarsal tunnel syndrome with release—right, osteoarthritis (OA)- right ankle, fractured left humerus, fractured skull, migraines, chronic kidney disease (CKD), and asthma. R. 20 (citing 20 C.F.R. § 416.920(c)). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in the regulations that would lead to a disability finding. R. 21–22 (referencing 20 C.F.R. §§ 416.920(d), 416.925, 416.926). The ALJ found that Plaintiff has the RFC to perform sedentary work as defined in 20 CFR 416.967(a) except occasionally climb ramps or stairs, but never climb ropes, ladders, or scaffolds, occasionally balance, stoop, kneel, and crouch, never crawl, occasional reaching overhead with the left upper extremity, occasional exposure to concentrated fumes, odors, dusts, gases, mists, and environments with poor ventilation as described in SCO, and can have no work at unprotected heights, dangerous moving machinery, or hazards, no job requiring driving, and no exposure to uneven surfaces. R. 21–22. At step four, the ALJ determined that Plaintiff did not have any past relevant work. R. 27 (citing 20 C.F.R. § 416.965). At step five, the ALJ found based on Plaintiff's age, education, work experience, and RFC, there are jobs that exist in the national economy that Plaintiff can perform, such as charge account clerk, final assembler, and call out operator. R. 28. Therefore, the ALJ concluded that Plaintiff was not disabled. R. 29.

## II.    STANDARD OF REVIEW OF COMMISSIONER'S DECISION

The Social Security Act provides for district court review of any final decision of the Commissioner that was made after a hearing in which the claimant was a party. 42 U.S.C. § 405(g). In performing that review:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . ., with or without remanding the cause for a rehearing. The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]

*Id.* Judicial review of the Commissioner's decision denying benefits is limited to determining whether that decision is supported by substantial evidence on the record as a whole and whether the proper legal standards were applied. *Id.*; *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001); *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotations omitted). It is "more than a scintilla but less than a preponderance." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). The "threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154.

The Court weighs four factors to determine "whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history." *Conley-Clinton v. Saul*,

787 F. App'x 214, 216 (5th Cir. 2019) (citing *Martinez v. Chater*, 64 F.3d 172, 174

(5th Cir. 1995)).

A reviewing court may not reweigh the evidence in the record, try the issues *de*

*novo*, or substitute its judgment for that of Commissioner, even if the evidence

preponderates against Commissioner's decision. *Brown v. Apfel*, 192 F.3d 492, 496

(5th Cir. 1999). Even so, judicial review must not be "so obsequious as to be

meaningless." *Id.* (quotations omitted). The "substantial evidence" standard is not a

rubber stamp for Commissioner's decision and involves more than a search for

evidence supporting Commissioner's findings. *Singletary v. Brown*, 798 F.2d 818,

822–23 (5th Cir. 1986); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather,

a reviewing court must scrutinize the record as a whole, taking into account whatever

fairly detracts from the substantiality of evidence supporting Commissioner's

findings. *Singletary*, 798 F.2d at 823. "Only where there is a 'conspicuous absence

of credible choices or no contrary medical evidence' will we find that the substantial

evidence standard has not been met." *Qualls v. Astrue*, 339 F. App'x 461, 464 (5th

Cir. 2009).

## III.    SUPPLEMENTAL SECURITY INCOME UNDER THE ACT

The Act permits Supplemental Security Income ("SSI") payments to the aged,

blind, and disabled to assure that their income does not fall below the poverty line.

42 U.S.C. § 1382(a); 20 C.F.R. § 416.110. Applicants must prove "disability." *See* 42 U.S.C. § 1382c(a)(3)(A).

"Disability" is defined as the "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A) (using "unable" rather than "inability"). A physical or mental impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D). "The suffering of some impairment does not establish disability; a claimant is disabled only if [s]he is 'incapable of engaging in any substantial gainful activity.'" *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (quoting *Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir. 1987)). "The law and regulations governing the determination of disability are the same for both programs." *Roberts v. Colvin*, 946 F. Supp. 2d 646, 657 (S.D. Tex. 2013) (citing *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)).

## IV.   THE SHIFTING BURDEN OF PROOF

The Act places the burden of establishing disability on the claimant. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). To be entitled to disability insurance benefits, a claimant "must show that [s]he was disabled on or before the last day of

his insured status." *Ware v. Schweiker*, 651 F.2d 408, 411 (5th Cir. 1981). SSI benefits are dependent on proof of disability and indigence, and a claimant can receive SSI payments once [s]he applies to the program, no matter how long [s]he has been disabled. *Torres v. Colvin*, No. 4:13-cv-2571, 2014 WL 4064002, at *6 (S.D. Tex. Aug. 15, 2014) (citing 42 U.S.C. §§ 1382a, c(a)(3), *Brown v. Apfel*, 192 F.3d 492, 495 n.1 (5th Cir. 1999), and 20 C.F.R. § 416.335).

Commissioner applies a five-step sequential process to determine disability status. *Id.* The claimant bears the burden of proof at the first four steps to establish that a disability exists. *Farr v. Astrue*, No. G-10-205, 2012 WL 6020061, at *2 (S.D. Tex. Nov. 30, 2012). The burden shifts to Commissioner at step five to show that the claimant can perform other work. *Id.* The burden then shifts back to the claimant to rebut this finding. *Id.* If at any step in the process Commissioner determines that the claimant is or is not disabled, the evaluation ends. *Id.*

## V.    PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT.

Plaintiff raises four issues for review. Plaintiff argues that: (1) the ALJ failed to resolve patent conflicts between the VE's testimony and the DOT; (2) the ALJ impermissibly relied on his own lay interpretation of the medical evidence to develop an RFC that unsupported by substantial evidence; (3) the ALJ failed to incorporate Plaintiff's assistive device usage into the RFC; and (4) the ALJ failed to

apply proper legal standards in evaluating whether Plaintiff had an impairment the

met or medically equaled the criteria of Listing 1.18. ECF No. 7.

Because the Court finds remand is appropriate on Plaintiffs second argument:

that the ALJ's RFC determination is not supported by substantial evidence because

the ALJ relied upon his lay interpretation of the medical evidence, the Court does

not address Plaintiff's three remaining arguments.

**A.    The ALJ's Determination of Plaintiff's RFC Is Not Supported by Substantial Evidence.**

The ALJ's residual functional capacity ("RFC") determination is the most a

claimant can still do despite his limitations. 20 C.F.R. § 404.1545(a)(1). In assessing

RFC, the ALJ must consider all the evidence in the record, including the limiting

effects of all documented impairments, regardless of whether those impairments are

severe or non-severe. *Id.* § 404.1545(a)(1)–(3). ALJs have the "'sole responsibility'

to make RFC determinations, and they are 'free to reject the opinion of any physician

when the evidence supports a contrary conclusion.'" *Sprowl v. Comm'r of Soc. Sec.*,

No. SA-24-CV-01125-ESC, 2025 WL 2264602, at *5 (W.D. Tex. Aug. 6, 2025)

(quoting *Taylor v. Astrue*, 706 F.3d 600, 602–03 (5th Cir. 2012) (citing *Ripley v.

Chater*, 67 F.3d 552, 557 (5th Cir. 1995)); citing *Newton v. Apfel*, 209 F.3d 448, 455

(quoting *Paul v. Shalala*, 29 F.3d 208, 211 (5th Cir. 1994))). "Their RFC

determination need not mirror a physician's opinion." *Id.* (quoting *Miller v. Kijakazi*,

No. 22-60541, 2023 WL 234773, at *4 (5th Cir. Jan. 18, 2023) (per curiam)).

"Even the absence of medical opinions does not necessarily render a record inadequate to support an ALJ's RFC determination." *Donna A. v. Comm'r of Soc. Sec.*, No. 5:22-CV-111-H-BQ, 2023 WL 5004867, at *3 (N.D. Tex. July 17, 2023), *adopted sub nom. Donna A. v. Kijakazi*, No. 5:22-CV-111-H-BQ, 2023 WL 5004073 (N.D. Tex. Aug. 4, 2023) (quoting *Nic R. v. Kijakazi*, No. 3:22-cv-00106-K-BT, 2023 WL 2529930, at *5 (N.D. Tex. Feb. 21, 2023), *adopted by* 2023 WL 2531492 (N.D. Tex. Mar. 15, 2023) (citing *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995) and *Joseph-Jack v. Barnhart*, 80 F. App'x 317, 318 (5th Cir. 2003) (per curiam))). The Court's "inquiry focuses upon whether the decision of the ALJ is supported by substantial evidence in the existing record." *Ripley*, 67 F.3d at 557. "Substantial evidence requires 'evidence of the effects the claimant's medical conditions have on her ability to work.'" *Donna A.*, 2023 WL 5004867, at *4 (quoting *Moreno v. Astrue*, No. 5:09–CV–123–BG, 2010 WL 3025525, at *3 (N.D. Tex. June 30, 2010) (citing *Ripley*, 67 F.3d at 557), *adopted by* 2010 WL 3025519 (N.D. Tex. Aug. 3, 2010); *see Ripley*, 67 F.3d at 557 (reversing because "the record d[id] not clearly establish . . . the effect [the claimant's] condition had on his ability to work")).

But an ALJ "may not—without opinions from medical experts—derive the applicant's residual functional capacity based solely on the evidence of his or her claimed medical conditions." *Sprowl*, 2025 WL 2264602, at *6 (quoting *Williams v.*

*Astrue*, 355 F. App'x 828, 832 n.6 (5th Cir. 2009) (citing *Ripley*,[6] 67 F.3d at 557)).

Instead, the ALJ must "develop the facts fully and fairly relating to an applicant's

claim for disability benefits." *Id.* (quoting *Ripley*, 67 F.3d at 557); citing *Sims v.*

*Apfel*, 530 U.S. 103, 111 (2000)); *see also Williams v. Astrue*, 355 F. App'x 828,

832 n.6 (5th Cir. 2009) (per curiam) ("an ALJ may not—without opinions from

medical experts—derive the applicant's residual functional capacity based solely on

the evidence of his or her claimed medical conditions. . . . Thus, an ALJ may not

rely on his own unsupported opinion as to the limitations presented by the

applicant's medical conditions.").

　"Where an ALJ crafts an RFC without a medical statement from a physician

regarding the effects of the claimant's conditions on his ability to work, such that

the only evidence regarding the plaintiff's ability to work comes from the plaintiff's

own testimony, the ALJ's decision is not supported by substantial evidence."

*Sprowl*, 2025 WL 2264602, at *6 (citing *Ripley*, 67 F.3d at 557–58); *see also Tiede*

*v. Dudek*, 770 F. Supp. 3d 965, 971–73 (W.D. Tex. 2025) (vacating the

---

[6] The *Donna* court summarized *Ripley* as follows:

In *Ripley*, the Fifth Circuit observed that the record included a vast amount of medical evidence establishing that the claimant had a problem with his back, but it did not clearly establish what effect that condition had on his ability to work. Not only were there no reports from qualified medical experts as to the claimant's ability to work, but the only evidence regarding the claimant's ability to work came from his own testimony. As a result, substantial evidence did not support the ALJ's RFC determination because the court could not determine the effects the claimant's conditions, no matter how small, on his ability to work.

*Donna A.*, 2023 WL 5004867, at *4 (cleaned up).

Commissioner's decision where there was no medical opinion regarding the plaintiff's ability to work and the sole evidence regarding her ability to work came from her own testimony); *Griffin v. O'Malley*, No. SA-23-CV-01090-FB-ESC, 2025 WL 440284, at *7–9 (W.D. Tex. Jan. 17, 2025), *sub nom. Griffin v. Colvin*, No. SA-23-CV-1090-FB, 2025 WL 440281 (W.D. Tex. Feb. 7, 2025) (same); *Raper v. Colvin*, 262 F. Supp. 3d 415, 422–23 (N.D. Tex. 2017) (finding the ALJ's RFC determination to be unsupported by substantial evidence under *Ripley*); *Fitzpatrick v. Colvin*, No. 3:15-CV-3202-D, 2016 WL 1258477, at *8 (N.D. Tex. Mar. 31, 2016) ("[T]he ALJ improperly made an independent RFC finding after declining to rely on any of the medical opinions addressing the effects of [the plaintiff's] mental impairments on his ability to work."); *Thornhill v. Colvin*, No. 3:14-CV-335-M, 2015 WL 232844, at *10 (N.D. Tex. Jan. 16, 2015) ("While the ALJ may choose to reject medical sources' opinions, he cannot then independently decide the effects of Plaintiff's mental impairments on her ability to perform work-related activities, as that is prohibited by *Ripley*. . . .").

In sum, if "the ALJ rejects the only medical opinions of record, interprets the raw medical data, and imposes a different RFC, the ALJ has committed reversible error." *Sprowl*, 2025 WL 2264602, at *6 (quoting *Garcia v. Berryhill*, No. EP-17-cv-00263-ATB, 2018 WL 1513688, at *2 (W.D. Tex. Mar. 27, 2018) (citing *Williams*, 355 F. App'x at 831)); citing *Beachum v. Berryhill*, No. 1:17-cv-00095-

AWA, 2018 WL 4560214, at *4 (W.D. Tex. Sept. 21, 2018) (citing *Garcia*, 2018

WL 1513688, at *2) (vacating the Commissioner's decision where the ALJ rejected

all medical opinions and relied solely on "raw medical data" in crafting an RFC)).

> The ALJ determined Plaintiff was able:
>
> to perform sedentary work as defined in 20 CFR 416.967(a)[7] except the claimant can occasionally climb ramps or stairs, but never climb ropes, ladders, or scaffolds. The claimant can occasionally balance, stoop, kneel, and crouch. The claimant can never crawl. The claimant is limited to occasional reaching overhead with the left upper extremity. The claimant is limited to occasional exposure to concentrated fumes, odors, dusts, gases, mists, and environments with poor ventilation as described in SCO. The claimant can have no work at unprotected heights, dangerous moving machinery, or hazards. The claimant can have no job requiring driving. The claimant can have no exposure to uneven surfaces.

R. 21–22. In determining Plaintiff's RFC, the ALJ considered Plaintiff's testimony,

finding that although Plaintiff's medically determinable impairments could be

expected to cause the alleged symptoms, Plaintiff's testimony regarding the

intensity, persistence, and limiting effects of his symptoms was not "entirely

consistent with the medical evidence and other evidence." R. 23. The ALJ then

reviewed Plaintiff's medical records, noting Plaintiff's numerous ankles, back, and

femur surgeries. R. 23–24. The ALJ also noted Plaintiff's numerous visits to the

---

[7] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 416.967(a).

emergency room and doctor's offices, remarking when Plaintiff was prescribed medications and assistive devices and Plaintiff's examination findings, such as gait, strength, range of motion, tenderness, edema. R. 24–26. Finally, the ALJ noted of the record's only medical opinions:

> As for medical opinion(s) and prior administrative medical finding(s), the undersigned cannot defer or give any specific evidentiary weight, including controlling weight, to any prior administrative medical finding(s) or medical opinion(s), including those from medical sources. The undersigned has fully considered the medical opinions and prior administrative medical findings as follows: The State Agency medical consultants, Malcolm Druskin, MD, at the initial level, and Stephen Gerrish, MD, at the reconsideration level, of disability determination opined that there was insufficient evidence to evaluate the claim. The undersigned notes that this is not a vocationally relevant opinion. Since the opinion does not address the substantive merits of the claimant's application or their functional limitations, it does not require evaluation.

R. 27 (internal citations omitted). The ALJ concluded that "[d]espite the evidence demonstrating that the claimant has underlying severe physical impairments, the record also establishes the claimant retains the capacity to function adequately to perform many basic activities associated with work. . . . [T]he claimant is capable of walking some amount and is not dependent on a walker or wheelchair to ambulate." R. 27.

Commissioner argues that the ALJ's RFC determination was based on substantial evidence because the ALJ evaluated the record's objective medical evidence including Plaintiff's treatments and medications, but did not interpret raw

data, such as "purport[ing] to interpret an EKG tracing or hold up an x-ray to the light and declare that it revealed a solid union of bone." ECF No. 9 at 14. But what is missing from the ALJ's determination is any evidence in the record to establish "the effect [Plaintiff's] condition had *on his ability to work.*" *See Tiede*, 770 F. Supp. 3d at 972 (emphasis in original) (quoting *Ripley*, 67 F.3d at 557); *see also Donna A.*, 2023 WL 5004867, at *5–6 (RFC not supported by substantial evidence where ALJ rejected SAMCs' opinions, but relied on the plaintiff's testimony, clinical test results, and medical records finding normal strength, gait, and range of motion because this evidence described the plaintiff's conditions, but did not make clear what effect the plaintiff's condition had on the plaintiff's ability to work).

Nothing in the ALJ's recitation of Plaintiff's medical records included medical opinions or examination findings regarding Plaintiff's ability to work or determinations of Plaintiff's functional abilities. R. 24–26. The medical records the ALJ relied on note a steady normal gait, sometimes with an assistive device,[8] normal strength, and normal range of motion, but these records say nothing about Plaintiff's exertional and functional capacity or for how long or how often Plaintiff can sustain certain functions.

Furthermore, the record lacks a medical opinion regarding Plaintiff's ability

---

[8] The ALJ noted most recently, in an April 23, 2024 physical therapy record, Plaintiff could ambulate 1000 feet with rest breaks and stand-by-assist. R. 26. The remaining records do not provide any distance or other discussion of stamina.

to work. *See Tiede v. Dudek*, 770 F. Supp. 3d 965, 972 (W.D. Tex. 2025) (citing

*Griffin*, 2025 WL 440284, at *7–9).[9] Here, Commissioner reviewed Plaintiff's claim

twice—in both its initial and reconsideration reviews, the State Agency Medical

Consultants found there was insufficient evidence to reach any conclusions on

Plaintiff's functional abilities. And no other medical expert opined on Plaintiff's

functional abilities. R. 27.

The only evidence in the record touching on Plaintiff's ability to work is his

own testimony, which the ALJ also rejected. R. 23. The ALJ's written decision

shows that he infers from his own review of the medical evidence what Plaintiff is

capable of doing—this amounts to nothing more than the ALJ's unaided

interpretation of the medical records and is not substantial evidence. *See Tiede*, 770

F. Supp. 3d at 972 ("Although some of Plaintiff's subjective reports in the record

indicate that her treatments were helping, the records say nothing regarding her

exertional capacity and for how long it could be sustained. Like in *Ripley* itself, the

only evidence regarding Plaintiff's ability to work is her own testimony.") (citing

*Raper*, 262 F. Supp. 3d at 422–23 (collecting cases)); *see also Donna A.*, 2023 WL

---

[9] Relying on *Ripley*, the *Tiede* court noted that "[u]sually, the ALJ should request a medical source statement describing the types of work that the applicant is still capable of performing," but "[t]he absence of such a statement, however, does not, in itself, make the record incomplete." *Tiede*, 770 F. Supp. 3d at 972 (quoting Ripley, 67 F.3d at 557). Because "the ALJ's need to contact a medical source arises only when the available evidence is inadequate to determine if there is a disability," "[i]n an instance where there is no medical opinion, the salient issue is whether substantial evidence exists in the record to support the ALJ's decision." *Id.* (quoting *Cornett v. Astrue*, 261 F. App'x 644, 649 (5th Cir. 2008); *Ripley*, 67 F.3d at 557).

5004867, at \*5–6 ("The record does not clearly establish how Plaintiff's conditions

impact her ability to perform medium work and there are no medical opinions to

otherwise serve as a foundation for that decision.") (citing *Cary G. T. v. Comm'r,*

*Soc. Sec. Admin.*, No. 3:20-CV-1948-BK, 2022 WL 954341, at \*3 (N.D. Tex. Mar.

29, 2022) (concluding that although "the RFC is *ultimately* the ALJ's

determination," there was no apparent "*foundational* basis for that decision" where

"no treating, examining, or consultative resource reviewed the impact of [p]laintiff's

conditions on his ability to work") (emphasis in original)).

## B.    The ALJ's Error Was Harmful.

"A court will not vacate a judgment unless the 'substantial rights of a party

have been affected.'" *Giles R.*, 2021 WL 4502842, at \*9 (quoting *Mays v. Bowen*,

837 F.2d 1362, 1364 (5th Cir. 1988)). Plaintiff must demonstrate that he was

prejudiced from the ALJ's errors by showing that, absent the error, the

Commissioner might have reached a different conclusion. *See id.* (citing *Jones v.*

*Astrue*, 691 F.3d 730, 735 (5th Cir. 2012) ("The party seeking to overturn the

Commissioner's decision has the burden to show that prejudice resulted from an

error."); *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000)). "Prejudice can be

established by showing that additional evidence would have been produced if the

ALJ had fully developed the record, and that the additional evidence might have led

to a different decision." *Ripley*, 67 F.3d at 557 n.22.

Here, if the ALJ had properly developed the record, there would be evidence regarding Plaintiff's ability to work. Instead, without substantial evidence, the ALJ determined that Plaintiff could occasionally walk and stand, climb ramps or stairs, balance, stoop, kneel, and crouch. R. 21–22. It is not out of the realm of possibilities that a medical opinion could have determined Plaintiff incapable of the ALJ's RFC and therefore disabled.[10] The ALJ's failure to develop the record was not harmless. Remand for further proceedings is required on this issue. *Donna A.*, 2023 WL 5004867, at *6 (citing *Kirkland v. Comm'r of Soc. Sec.*, No. 4:22-cv-759-O-BP, 2023 WL 3357597, at *6 (N.D. Tex. Apr. 25, 2023) (finding harm because "[t]he absence of a medical opinion addressing Kirkland's ability to work casts doubt on the ALJ's decision."), *adopted by* 2023 WL 3362633 (N.D. Tex. May 10, 2023); *Lozano v. Comm'r, Soc. Sec. Admin.*, No. 4:21-CV-1365-P, 2023 WL 2618132, at *6 (N.D. Tex. Mar. 2, 2023) (same), *adopted by* 2023 WL 2619311 (N.D. Tex. Mar. 23, 2023); *Graves v. Kijakazi*, No. 3:22-CV-0107-L-BH, 2023 WL 2025247, at *17 (N.D. Tex. Jan. 31, 2023) (same), *adopted by* 2023 WL 2025052 (N.D. Tex. Feb. 15, 2023); *Martinez v. Kijakazi*, No. 3:20-CV-3282-BH, 2022 WL 4590577, at *22 (N.D. Tex. Sept. 29, 2022) (same).

---

[10] For example, the VE testified that there are no jobs for a person who: (1) would require two more 15-minute breaks during the workday; (2) would miss two days of work per month; or (3) can sit six hours, stand or walk for one hour, and lie down one hour. R. 68–69.

## VI.  CONCLUSION

Therefore, it is **ORDERED** that Plaintiff's motion for summary judgment,
ECF No. 7, is **GRANTED**, Commissioner's motion for summary judgment, ECF
No. 9, is **DENIED**, the decision of the Commissioner is **REVERSED AND
REMANDED** to the Social Security Administration for further proceedings
consistent with this Opinion. This case is **DISMISSED without prejudice.**

Signed at Houston, Texas, on January 6, 2026.

_____
**Dena Hanovice Palermo
United States Magistrate Judge**